## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

ALVIN BAILEY,

               Plaintiff,

     vs.

TODPAT, LLC and JOSEPH HUNTINGTON,

          Defendants.

Case No.:

**COMPLAINT WITH JURY DEMAND**

Plaintiff ALVIN BAILEY ("Plaintiff") by and through his attorneys, CONSUMER ATTORNEYS, PLLC, hereby complains of the Defendant, upon personal knowledge, as well as information and belief, by alleging as follows:

### NATURE OF THE CASE

1.     Plaintiff respectfully brings this action alleging that Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, ("Title VII"), and The Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. § 21.001 to 21.556, and seeks damages, as well as injunctive and declaratory relief, to redress the injuries he has suffered as a result of being discriminated and retaliated against by his employer on the basis of his race and color (Black).

### JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2.     Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3.     The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367 because they arise under the same nucleus of operative fact.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the Defendant

resides within the Eastern District of Texas or the acts complained of occurred therein.

5.      By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"); (b) receiving a Notice of Right to Sue from the EEOC on October 28, 2024; and (c) commencing this action within ninety (90) days of the issuance of the Notice of Right to Sue by the EEOC, Plaintiff has met his obligation to exhaust administrative remedies in accordance with Title VII's requirements.

## PARTIES

6.      At all relevant times, Plaintiff was and is a resident of the State of Texas and County of Smith.

7.      Plaintiff is an African American male.

8.      At all relevant times, Plaintiff was an "employee" of the Defendant, as defined by Title VII and the TCHRA.

9.      At all relevant times, Defendant TODPAT, LLC ("Todpat" or "Defendant") is a domestic limited liability company licensed to do business in Texas.

10.      Defendant maintains a principal place of business at 3460 South Fulton Avenue, Odessa, Texas, 79766.

11.      At all relevant times, Defendant had more than fifteen (15) employees.

12.      At all relevant times, Defendant met the definition of "employer" and is subject to Title VII and the TCHRA.

13.      At all relevant times, Defendant Joseph Huntington ("Huntington") was an individual Caucasian male residing in the State of Texas.

14.      Huntington supervised Plaintiff during the course of his employment and was an employee who was promoted to supervisor.

**STATEMENT OF FACTS**

15.     In or around May 2023, Plaintiff commenced his employment with Defendant as a swamper and rigger.

16.     Upon beginning his employment with Defendant, Plaintiff reported to Tim Taylor ("Taylor") and Huntington.

17.     Upon information and belief, Taylor was and is employed by Defendant in a managerial position with supervisory authority over Plaintiff.

18.     Upon information and belief, Plaintiff was consistently praised for the quality of his work during his employment with Defendant.

19.     However, despite Plaintiff's extraordinary work ethic, he was subjected to horrific levels of discrimination throughout his employment.

20.     In or around May 2023, Plaintiff was asked by Huntington to clean up an oil spill which resulted after Plaintiff's warnings on how to proceed were ignored.

21.     When Plaintiff did not immediately clean up the oil spill, Huntington referred to Plaintiff as a "lazy fucking nigger."

22.     Plaintiff was horrified to have been referred to in such a cruel and clearly discriminatory way.

23.     Unfortunately, this was not the first instance of discriminatory treatment Plaintiff faced from Huntington.

24.     Prior to this instance, Huntington had previously told Plaintiff "fucking nigger, I been doing this a long time; you need to back the fuck up."

25.     Plaintiff was shocked to have such hostile and discriminatory language used against

him while at work.

26.    Unfortunately, this was only the beginning of a long period of constant discrimination Plaintiff would face and endure throughout his employment with Defendant.

27.    Throughout Plaintiff's employment under Defendant, Huntington would continue to refer to Plaintiff as "nigger" and "boy" in racially derisive and discriminatory ways which Plaintiff found demeaning.

28.    Further, Huntington began to have Plaintiff perform grunt work for which he was overqualified to be doing.

29.    Upon information and belief, none of Plaintiff's co-workers of a different race were treated in a similar manner.

30.    Further, Huntington was promoted to the position of Plaintiff's supervisor despite his blatant discrimination and Plaintiff's complaints about same.

31.    Following Huntington's promotion, Plaintiff noticed that the clothing from his locker began to disappear and would be thrown into the mud around his worksite.

32.    To Plaintiff's knowledge, Huntington would steal Plaintiff's clothing as a form of discrimination and harassment based solely on Plaintiff's color and race.

33.    By employing Huntington, Defendant created a hostile work environment on account of his color and race in which Plaintiff was forced to work under a discriminatory supervisor who subjected Plaintiff to grueling disparate treatment.

34.    Despite the highly toxic and racist environment that permeated Plaintiff's work environment with Defendant, Plaintiff had continued to work diligently and efficiently in his role to the best of his ability.

35.    Plaintiff submitted a complaint to Taylor regarding Huntington's blatant race-based

discrimination directed towards Plaintiff.

36.     Plaintiff's complaint of race-based discrimination was a protected activity.

37.     Upon information and belief, no investigation was performed in response to Plaintiff's complaint of race-based discrimination.

38.     Instead, approximately two (2) weeks later, Huntington received a promotion and became Plaintiff's supervisor.

39.     During Huntington's tenure as supervisor, as set forth above, Huntington's harassment of Plaintiff increased and escalated.

40.     To add insult to injury, a mere two (2) months after having submitted his complaint to Taylor, Plaintiff was summarily terminated from his position with Defendant.

41.     Plaintiff's termination was the direct result of a systemically hostile work environment towards people of color, which Plaintiff had opposed by engaging in protected activity to complain about same.

42.     Defendants terminated Plaintiff solely because of his race and because of his complaint of race-based discrimination.

43.     No investigation has taken place in relation to Plaintiff's complaints and no employee of Defendant has been disciplined for discriminatory conduct.

44.     Defendants would not have discriminated against Plaintiff but for his race.

45.     Plaintiff was treated less well or subjected to an adverse action, motivated, at least in part, by his membership in a protected class.

46.     Defendant would not have retaliated against Plaintiff but for his complaint about race-based discrimination.

47.     As a result of Defendant's actions, Plaintiff felt, and continues to feel, extremely

humiliated, degraded, violated, embarrassed, and emotionally distressed.

48.    As a result of Defendant's discriminatory and intolerable treatment of Plaintiff, he

suffered, and continues to suffer, severe emotional distress and physical ailments.

49.    As a result of the acts and conduct complained of herein, Plaintiff has suffered, and

will continue to suffer, the loss of income, the loss of a salary, bonuses, benefits, and other

compensation which such employment entails, and Plaintiff has also suffered future pecuniary

losses and emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-

pecuniary losses.

50.    As Defendant's conduct has been malicious, willful, outrageous, and conducted

with full knowledge of the law, Plaintiff demands punitive damages.

51.    Defendant's actions and conduct were intentional for the purpose of harming

Plaintiff.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII

52.    Plaintiff repeats and realleges each and every allegation made in the above

paragraphs of this Complaint.

53.    The claim is authorized and instituted pursuant to the provisions of Title VII for

relief based upon the unlawful employment practices of Defendant.

54.    Plaintiff complains that Defendant violated Title VII's prohibition against

discrimination in employment based, in whole or in part, upon an employee's race (Black).

55.    42 U.S.C. §§ 2000e-2 states:

> It shall be an unlawful employment practice for an employer (1) to fail or refuse to
> hire or to discharge any individual, or otherwise to discriminate against any
> individual with respect to him compensation, terms, conditions, or privileges of
> employment, because of such individual's race, color, religion, sex, or national
> origin…

56.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e by discriminating against Plaintiff because of his race (Black).

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

57.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

58.     42 U.S.C. §§ 2000e-3 states:

> It shall be an unlawful employment practice for an employer to discriminate against any of him employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by the subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the subchapter.

59.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e-3 by retaliating against Plaintiff for complaining of the aforementioned violations.

## AS A THIRD CAUSE OF ACTION
## DISCRIMINATION UNDER THE TCHRA

60.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

61.     Defendant discriminated against Plaintiff because of Plaintiff's sex, and subjected Plaintiff to a racially hostile work environment.

62.     Defendant's conduct permeated Plaintiff's workplace with discriminatory intimidation, ridicule, and insult, and was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

63.    Plaintiff was discriminated against because of his race in violation section 21.256 of the Texas Labor Code and has suffered damages as set forth herein.

### AS A FOURTH CAUSE OF ACTION
### RETALIATION UNDER THE TCHRA

64.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

65.    Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.256.

66.    In response, Defendant retaliated against Plaintiff and ultimately terminated Plaintiff's employment

67.    Plaintiff was retaliated against because of his race in violation of section 21.256 of the Texas Labor Code and has suffered damages as set forth herein.

### JURY DEMAND

68.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A.    Declaring that Defendant engaged in, and enjoining Defendant from continuing to engage in, unlawful employment practices prohibited by Title VII and the TCHRA, in that Defendant discriminated and retaliated against Plaintiff on the basis of his race (Black);

B.    Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C.    Awarding Plaintiff compensatory damages for mental, emotional and physical injury,

distress, pain and suffering and injury to him reputation in an amount to be proven at trial;

D.     Awarding Plaintiff punitive damages;

E.     Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the

prosecution of the action;

F.     Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy the Defendant's unlawful employment practices against each of them.

Respectfully submitted this 24th day of January.


*/s/ Sharon K. Campbell*
Sharon K. Campbell
State Bar # 03717600
3300 Oak Lawn Ave., Suite 425
Dallas, Texas 75219
Telephone: (214) 351-3260
Fax: (214) 748-7778
Sharon@SharonKCampbell.com

Emanuel Kataev, Esq.
*Admission Pending*
**CONSUMER ATTORNEYS PLLC**
68-29 Main Street
Flushing, NY 11367
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorney for Plaintiff Alvin Bailey*