## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| ALVIN BAILEY, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | Civil Action No. 7:25-cv-00099 |
| TODPAT, LLC and | § | |
| JOSEPH HUNTINGTON | § | |
| *Defendants.* | § | |

## DEFENDANTS' ORIGINAL ANSWER

Defendant TODPAT, LLC (the "Company") and JOSEPH HUNTINGTON ("Huntington") (collectively hereinafter referred to as "Defendants") file this Original Answer to Plaintiff's Complaint with Jury Demand filed by ALVIN BAILEY ("Plaintiff's Complaint"), and in support thereof would show the Court as follows:

## I.
## ANSWER

1.      Defendants deny the statements and allegations in Paragraph No. 1 of Plaintiff's Complaint.

2.      Defendants admit the statements and allegations in Paragraph No. 2 of Plaintiff's Complaint.

3.      Defendants admit the statements and allegations in Paragraph No. 3 of Plaintiff's Complaint.

4.      Defendants dispute that venue is proper in the Eastern District of Texas, the Court in which Plaintiff originally filed Plaintiff's Complaint. Defendants filed a Motion to Dismiss or Transfer Venue (Doc. 8), which resulted in this matter being transferred to

the United States District Court for the Western District of Texas (Doc. 12).

5.    Title VII speaks for itself, and, as such, Defendants are unable to admit or deny the statements and allegations in Paragraph No. 5 of Plaintiff's Complaint.

6.    Defendants do not have sufficient information to admit or deny the statements and allegations in Paragraph No. 6 of Plaintiff's Complaint.

7.    Defendants do not have sufficient information to admit or deny the statements and allegations in Paragraph No. 7 of Plaintiff's Complaint.

8.    Title VII and the TCHRA speak for themselves, and, as such, Defendants are unable to admit or deny the statements and allegations in Paragraph No. 8 of Plaintiff's Complaint.

9.    Defendants admit the statements and allegations in Paragraph No. 9 of Plaintiff's Complaint.

10.    Defendants admit the statements and allegations in Paragraph No. 10 of Plaintiff's Complaint.

11.    Defendants admit the statements and allegations in Paragraph No. 11 of Plaintiff's Complaint.

12.    Title VII and the TCHRA speak for themselves, and, as such, Defendants are unable to admit or deny the statements and allegations in Paragraph No. 12 of Plaintiff's Complaint.

13.    Defendants admit the statements and allegations in Paragraph No. 13 of Plaintiff's Complaint.

14.    Defendants admit the statements and allegations in Paragraph No. 14 of Plaintiff's Complaint.

15.    Defendants admit the statements and allegations in Paragraph No. 15 of Plaintiff's Complaint.

16.    Defendants admit the statements and allegations in Paragraph No. 16 of Plaintiff's Complaint.

17.    Defendants admit the statements and allegations in Paragraph No. 17 of Plaintiff's Complaint.

18.    Defendants deny the statements and allegations in Paragraph No. 18 of Plaintiff's Complaint.

19.    Defendants deny the statements and allegations in Paragraph No. 19 of Plaintiff's Complaint.

20.    Defendants deny the statements and allegations in Paragraph No. 20 of Plaintiff's Complaint.

21.    Defendants deny the statements and allegations in Paragraph No. 21 of Plaintiff's Complaint.

22.    Defendants deny the statements and allegations in Paragraph No. 22 of Plaintiff's Complaint.

23.    Defendants deny the statements and allegations in Paragraph No. 23 of Plaintiff's Complaint.

24.     Defendants deny the statements and allegations in Paragraph No. 24 of Plaintiff's Complaint.

25.     Defendants deny the statements and allegations in Paragraph No. 25 of Plaintiff's Complaint.

26.     Defendants deny the statements and allegations in Paragraph No. 26 of Plaintiff's Complaint.

27.     Defendants deny the statements and allegations in Paragraph No. 27 of Plaintiff's Complaint.

28.     Defendants deny the statements and allegations in Paragraph No. 28 of Plaintiff's Complaint.

29.     Defendants deny the statements and allegations in Paragraph No. 29 of Plaintiff's Complaint.

30.     Defendants admit the statement that Huntington was promoted to the position of Plaintiff's supervisor, but Defendants deny the allegation that Huntington was promoted despite Huntington's blatant discrimination and Plaintiff's complaint about same in Paragraph No. 30 of Plaintiff's Complaint.

31.     Defendants deny the statements and allegations in Paragraph No. 31 of Plaintiff's Complaint.

32.     Defendants deny the statements and allegations in Paragraph No. 32 of Plaintiff's Complaint.

33.     Defendants deny the statements and allegations in Paragraph No. 33 of Plaintiff's Complaint.

34.     Defendants deny the statements and allegations in Paragraph No. 34 of Plaintiff's Complaint.

35.     Defendants deny the statements and allegations in Paragraph No. 35 of Plaintiff's Complaint.

36.     Defendants deny the statements and allegations in Paragraph No. 36 of Plaintiff's Complaint.

37.     Defendants deny the statements and allegations in Paragraph No. 37 of Plaintiff's Complaint.

38.     Defendants admit the statement that Huntington received a promotion and became Plaintiff's supervisor but denies the remaining statements and allegations in Paragraph No. 38 of Plaintiff's Complaint.

39.     Defendants deny the statements and allegations in Paragraph No. 39 of Plaintiff's Complaint.

40.     Defendants deny the statements and allegations in Paragraph No. 40 of Plaintiff's Complaint.

41.     Defendants deny the statements and allegations in Paragraph No. 41 of Plaintiff's Complaint.

42.     Defendants deny the statements and allegations in Paragraph No. 42 of Plaintiff's Complaint.

43.     Defendants deny the statements and allegations in Paragraph No. 43 of Plaintiff's Complaint.

44.     Defendants deny the statements and allegations in Paragraph No. 44 of Plaintiff's Complaint.

45.     Defendants deny the statements and allegations in Paragraph No. 45 of Plaintiff's Complaint.

46.     Defendants deny the statements and allegations in Paragraph No. 46 of Plaintiff's Complaint.

47.     Defendants deny the statements and allegations in Paragraph No. 47 of Plaintiff's Complaint.

48.     Defendants deny the statements and allegations in Paragraph No. 48 of Plaintiff's Complaint.

49.     Defendants deny the statements and allegations in Paragraph No. 49 of Plaintiff's Complaint.

50.     Defendants deny the statements and allegations in Paragraph No. 50 of Plaintiff's Complaint.

51.     Defendants deny the statements and allegations in Paragraph No. 51 of Plaintiff's Complaint.

52.     It is unnecessary for Defendants to admit or deny the statements and allegations in Paragraph 52 of Plaintiff's Complaint.

53.     Title VII speaks for itself, and, as such, Defendants are unable to admit or deny the statements and allegations in Paragraph No. 53 of Plaintiff's Complaint.

54.     Defendants deny the statements and allegations in Paragraph No. 54 of Plaintiff's Complaint.

55.     42 U.S.C. §§ 2000e-2 speaks for itself, and, as such, Defendants are unable to admit or deny the statements and allegations in Paragraph No. 55 of Plaintiff's Complaint.

56.     Defendants deny the statements and allegations in Paragraph No. 56 of Plaintiff's Complaint.

57.     It is unnecessary for Defendants to admit or deny the statements and allegations in Paragraph 57 of Plaintiff's Complaint.

58.     42 U.S.C. §§ 2000e-3 speaks for itself, and, as such, Defendants are unable to admit or deny the statements and allegations in Paragraph No. 58 of Plaintiff's Complaint.

59.     Defendants deny the statements and allegations in Paragraph No. 59 of Plaintiff's Complaint.

60.     It is unnecessary for Defendants to admit or deny the statements and allegations in Paragraph 60 of Plaintiff's Complaint.

61.     Defendants deny the statements and allegations in Paragraph No. 61 of Plaintiff's Complaint.

62.     Defendants deny the statements and allegations in Paragraph No. 62 of Plaintiff's Complaint.

63.     Defendants deny the statements and allegations in Paragraph No. 63 of Plaintiff's Complaint.

64.     It is unnecessary for Defendants to admit or deny the statements and allegations in Paragraph 64 of Plaintiff's Complaint.

65.     Defendants deny the statements and allegations in Paragraph No. 65 of Plaintiff's Complaint.

66.     Defendants deny the statements and allegations in Paragraph No. 66 of Plaintiff's Complaint.

67.     Defendants deny the statements and allegations in Paragraph No. 67 of Plaintiff's Complaint.

68.     It is unnecessary for Defendants to admit or deny the statements and allegations in Paragraph 68 of Plaintiff's Complaint.

       (a)     Defendants deny the statements and allegations in 68A of Plaintiff's Complaint.

       (b)     Defendants deny the statements and allegations in 68B of Plaintiff's Complaint.

       (c)     Defendants deny the statements and allegations in 68C of Plaintiff's Complaint.

       (d)     Defendants deny the statements and allegations in 68D of Plaintiff's Complaint.

       (e)     Defendants deny the statements and allegations in 68E of Plaintiff's Complaint.

       (f)     Defendants deny the statements and allegations in 68 F of Plaintiff's Complaint.

## II.
## AFFIRMATIVE DEFENSES

1.      Any damages and/or losses suffered by the Plaintiff were a result of Plaintiff's own conduct and/or omissions.

2.      All employment decisions affecting Plaintiff were done for good cause, and were legitimate and for non-discriminatory business reasons.

3.      Plaintiff's claims of discrimination and/or harassment are barred because Defendants promulgated an effective policy of preventing and correcting such conduct and/or occurrences, of which Plaintiff unreasonably failed to take advantage.  Plaintiffs unreasonably failed to avail himself of the preventive and/or corrective opportunities provided by Defendants, or otherwise to avoid harm.

4.      Improper, illegal, discriminatory, or harassing actions by others are contrary to Defendants' good faith efforts to comply with all federal, state, and local statutes, laws, and ordinances and if done by others, said acts were outside the scope of their employment with Defendants and without Defendants' consent. Defendants did not, and do not, authorize, condone, ratify, or tolerate discrimination, and/or harassment; instead Defendants prohibit such conduct in all cases, including this one brought by Plaintiff. Hence, any such conduct may not be attributed to Defendants through principles of agency, *respondeat superior,* or otherwise.

5.      Plaintiff's claims of discrimination, and/or harassment are barred because Defendants provided prompt remedies for Plaintiff's complaints, if any, of discrimination,

harassment, and/or retaliation, which Plaintiff did not exercise.

6.      To the extent, if any, Plaintiff has suffered any damages and/or losses, such damages and losses are subject to any and all applicable federal and/or state limitations on damages, including but not limited to the limitation of damages found under Title VII and the TCHRA.

7.      Plaintiff's claims are barred, in whole or in part, because Defendants did not commit any of the acts alleged and did not have the requisite intent or state of mind to commit any of the acts alleged.

8.      Plaintiff has failed to state a claim upon which relief may be granted.

9.      Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10.      The acts complained of by Plaintiff are not objectively offensive and that a reasonable person would not find a work environment hostile or abusive.

11.      Plaintiff's damages, if any, are limited by any applicable statutory damages and the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

12.      Defendants exercised reasonable care to prevent and correct promptly any discriminatory and/or harassing behavior alleged by Plaintiff.

13.      Defendants assert that Defendants would have taken the actions with respect to Plaintiff even in the absence of the motives alleged by the Plaintiff.

14.      Joseph Huntington asserts that he is not liable in this individual capacity.

15.      Joseph Huntington asserts that Plaintiff's claims are barred, in whole or in

part, to the extent that Joseph Huntington was not, directly or indirectly, an employer or joint employer of Plaintiff.

## **PRAYER**

WHEREFORE, premises considered, Defendants TODPAT, LLC and JOSEPH HUNTINGTON, request the following relief:

a.    That the Court deny Plaintiff's claims;

b.    That Plaintiff take nothing by his suit against TODPAT, LLC and JOSEPH HUNTINGTON;

c.    That the Court award TODPAT, LLC and JOSEPH HUNTINGTON their attorneys' fees incurred; and

d.    That the Court award TODPAT, LLC and JOSEPH HUNTINGTON any other and further relief, at law or in equity, general or specific, to which they may be justly entitled.

Respectfully submitted,

**LYNCH, CHAPPELL & ALSUP, P.C.**
300 North Marienfeld, Suite 700
Midland, Texas 79701
(432) 683-3351
Fax (432) 683-2587

BY:   *Lisa K. Hooper*
      Lisa K. Hooper
      Texas State Bar No. 24047282
      lhooper@lcalawfirm.com
      Jackson R. Willingham
      Texas State Bar No. 24121204
      jwillingham@lcalawfirm.com

**LEAD ATTORNEYS FOR
DEFENDANTS TODPAT LLC and
JOSEPH HUNTINGTON**

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter.

          *Lisa K. Hooper*
          Lisa K. Hooper