**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **ALVIN BAILEY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | **Case No.: 7:25-cv-00099-DC** |
| **TODPAT, LLC and** | § | |
| **JOSEPH HUNTINGTON,** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' STATEMENT OF DEFENSES**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW DEFENDANTS TODPAT, LLC AND JOSEPH HUNTINGTON (hereinafter collectively referred to as "Defendants"), pursuant to the Order Resetting Final Pretrial Conference entered by the Court and Local Rule CV-16(f), file this their Statement of Defenses as follows:

Defendants did not violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. e-5(f)(3) or the Texas Commission on Human Rights Act, Texas Labor Code §§21.001-21.556. Defendants deny that Plaintiff, Alvin Bailey, was discriminated or retaliated against based on his race or any other protected trait. Defendants further deny that Plaintiff's termination was in any way related to his alleged complaints, if any.

Defendant TodPat terminated Plaintiff after the company was made aware of Plaintiff posting multiple Facebook videos evidencing his violation of company safety rules and regulations as well as the safety rules of the companies who own the oil and gas locations where TodPat worked. Upon review of Plaintiff's Facebook videos, Defendant TodPat determined that Plaintiff violated company policies and created an unsafe work environment. Consequently, Defendant

1

TodPat terminated Bailey's employment.  Defendant Huntington did not do anything to cause Plaintiff's termination.

Moreover, at no time prior to his termination did Plaintiff report any claims of discrimination or retaliation.

During his employment, Plaintiff was disciplined as follows: (1) On December 19, 2023, Bailey was written up for lack of effort; (2) on May 9, 2024, Plaintiff was disciplined for refusing to complete a task assigned by his supervisor; (3) on July 26, 2024, an investigation revealed that Bailey failed to maintain safety on location (as described above).

None of the decisions affecting Plaintiff's employment with TodPat, including his termination, were made based on his race or for any other discriminatory reason.

Respectfully submitted,

**LYNCH, CHAPPELL & ALSUP, P.C.**
300 North Marienfeld, Suite 700
Midland, Texas 79701
(432) 683-3351
Fax (432) 683-2587

BY:    *Lisa K. Hooper*
Lisa K. Hooper
Texas State Bar No. 24047282
lhooper@lcalawfirm.com
Jackson R. Willingham
Texas State Bar No. 24121204
jwillingham@lcalawfirm.com

**LEAD ATTORNEYS FOR DEFENDANTS
TODPAT, LLC and JOSEPH HUNTINGTON**

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of May 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

_/S/ Lisa K. Hooper_