**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **ALVIN BAILEY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No.: 7:25-cv-00099-DC** |
| **TODPAT, LLC and** | § | |
| **JOSEPH HUNTINGTON,** | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW DEFENDANTS TODPAT, LLC AND JOSEPH HUNTINGTON (hereinafter collectively referred to as "Defendants") and, pursuant to the Order Resetting Final Pretrial Conference entered by the Court and Local Rule CV-16(f), file this their Proposed Jury Instructions and Verdict Form as follows:

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS

I.     GENERAL INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or take any of these written instructions as an indication that I have any opinion about the facts of this case.

-1-

You have heard the closing arguments of the attorneys.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

BURDEN OF PROOF

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.  If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

CONSIDERATION OF THE EVIDENCE

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In weighting the testimony of a witness, you should consider his or her relationship to the Plaintiff or the Defendants; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he or she

testified; his or her candor, fairness and intelligence; and the extent to which he or she has been supported or contradicted by other credible witness (es) in whole or in part.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in this case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in this case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of the evidence, both direct and circumstantial.

You will recall that during the course of this trial, I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specified purpose for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## BIAS

Do not let bias, prejudice, or sympathy play any part in your deliberations. All persons, including corporations, are equal before the law and must be treated as equals in a court of justice.

## USE OF NOTES TAKEN BY JURORS

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. Any juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced

by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

## NATURE OF THE CLAIMS

Plaintiff claims that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(3) and the Texas Commission on Human Rights Act, Texas Labor

Code §§21.001 to 21.556. Specifically, Plaintiff claims that Defendants terminated him and retaliated against him because of his race.

Defendants deny these allegations. Defendants contend that Plaintiff was an at-will employee and was terminated for violating company policies and creating an unsafe work environment. Further, Defendants contend that Plaintiff was not discriminated against based on his race. Defendants also contend that Plaintiff was not retaliated against. Joseph Huntington contends that he did not do anything to cause Plaintiff's termination. It is your responsibility to decide whether Plaintiff has proven his claims against Defendants by a preponderance of the evidence.

PLAINTIFF'S CLAIMS AGAINST DEFENDANTS

The claims before you are based on 42 U.S.C. §2000 et. seq., which is known as Title VII of the Civil Rights Act, and Texas Labor Code §§21.001-21.556, which is known as the Texas Commission on Human Rights Act. Race discrimination involves treating an employee unfavorably because he/she is of a certain race or because of personal characteristics associated with race (such as hair texture, skin color, or certain facial features).

In order for Plaintiff to recover on his discrimination claims against Defendants, Plaintiff must prove that Defendants intentionally discriminated against Plaintiff. This means that Plaintiff must prove that his race was a determinative factor in Defendants' decision to terminate Plaintiff's employment.

"Determinative factor" means that if not for Plaintiff's race, the termination of Plaintiff would not have occurred.

Defendants have given a nondiscriminatory reason for the decision to terminate Plaintiff. If you disbelieve Defendants' explanations for the conduct, then you may, but need not, find that Plaintiff has proved intentional discrimination. In determining whether Defendants' stated reason for its actions was a pretext, or excuse, for discrimination, you may not question Defendants' business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of Defendants or believe it is harsh or unreasonable. You are not to consider Defendants' wisdom. However, you may consider whether Defendants' reason is merely a cover-up for discrimination.

Ultimately, you must decide whether Plaintiff has proven that his race was a determinative factor in Defendants' employment decision.

Plaintiff claims that Defendants retaliated against him for engaging in activity protected by Title VII or the Texas Commission on Human Rights Act. Plaintiff claims that he made verbal complaints that he was being treated differently because of his race. Plaintiff claims that Defendants retaliated against him by terminating him.

Defendants deny Plaintiff's claims and contend that Plaintiff was terminated for non-discriminatory reasons; specifically, Plaintiff violated company policies and created an unsafe work environment. It is unlawful for an employer to retaliate against an employee for engaging in an activity protected by Title VII or the Texas Commission on Human Rights Act To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that:

1. Plaintiff engaged in a protected activity;

2. Defendants terminated Plaintiff; and

3. Defendants' decision to terminate Plaintiff was on account of his protected activity.

You need not find that the only reason for Defendants' decision was Plaintiff's protected activity. But you must find that Defendants' decision to terminate Plaintiff would not have occurred in the absence of—but for—his verbal complaints that he was being treated differently because of his race.

## CONSIDER DAMAGES ONLY IF NECESSARY

If the Plaintiff has proven his claims against the Defendants by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether the Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendants are liable and that the Plaintiff is entitled to recover money from the Defendants.

## COMPENSATORY DAMAGES

If you find that the Defendants are liable to the Plaintiff, then you must determine an amount that is fair compensation for the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff

whole–that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered. Compensatory damages are not allowed as a punishment against a party.

You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for the Plaintiff's damages, no more or no less.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In addition to damages for injuries, a prevailing plaintiff in a Title VII Civil Rights action or under the Texas Commission on Human Rights Act is entitled to damages for emotional pain, suffering, and mental anguish the Plaintiff has suffered as a result of Defendants' conduct.

You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future. You must also consider whether and to what extent the Plaintiff's emotional anguish has been due to a condition that existed prior to the incident at issue or arose from events other than the Defendants' actions.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. When computing Plaintiff's damages, you have to decide on the total amount of damages

incurred by Plaintiff.  If you find that Plaintiff has established the essential elements of the offense but has failed to prove actual damages, you may award no damages or a nominal sum such as one dollar.

MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find the Defendants are liable and the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the Plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The Defendants have the burden of proving the damages which the Plaintiff could have mitigated. In deciding whether to reduce the Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendants have satisfied their burden of proving that the Plaintiff's conduct was not reasonable.

II.    FINAL INSTRUCTIONS

## DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case. Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

If you want to communicate with me at any time, please give me a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

## VERDICT FORM

Along with these instructions, I will submit to you a verdict form containing questions.  In answering the questions which I will submit to you, answer "yes" or "no." A "yes" answer must be based on a preponderance of the evidence.  If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no."

MARKING ON JURY CHARGE

You may not mark on the original Court's Jury Charge that will be provided to you when you retire to the jury room for deliberation.  If you desire a copy of the Jury Charge to mark on, please contact the Court's Security Officer and a copy will be made for you.

INSTRUCTION ON DELIBERATION

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form.  Return this charge together with your written answers to the questions.  Unless I direct you otherwise, do not reveal your answers until such time as you are discharged.  You must never disclose to anyone, not even to me, your numerical division on any question.

After you have reached a verdict, you are not required to talk with anyone about the case until I order you to do so.

You may now retire to the jury room to conduct your deliberations.

QUESTION _____:

Do you find that Plaintiff failed to reduce his damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of his termination?

Answer:
Yes _____
No _____

If you answered "Yes" to Question _____, then go to Question _____.

Respectfully submitted,

**LYNCH, CHAPPELL & ALSUP, P.C.**
300 North Marienfeld, Suite 700
Midland, Texas 79701
(432) 683-3351
Fax (432) 683-2587

BY:  *Lisa K. Hooper*
Lisa K. Hooper
Texas State Bar No. 24047282
lhooper@lcalawfirm.com
Jackson R. Willingham
Texas State Bar No. 24121204
jwillingham@lcalawfirm.com

**LEAD ATTORNEYS FOR DEFENDANTS
TODPAT, LLC and JOSEPH
HUNTINGTON**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of May, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*Lisa K. Hooper*
Lisa K. Hooper

-14-