**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **ALVIN BAILEY,** *Plaintiff.* | § § § § § § § § § § § | |
| **v.** | | **MO:25-CV-00099-DC** |
| **TODPAT, LLC, JOSEPH HUNTINGTON,** *Defendants.* | | |

## ORDER TO FILE

The above-captioned case has been pending before this Court for over a year with little to no activity from either party. Without any dispositive motions filed, the case is now ready to go to trial. In anticipation of trial, the Local Rules set out numerous filing deadlines for the parties. These deadlines are requirements designed to ensure the efficiency of the Court. They are not merely suggestions to the parties to be followed when convenient.

Under Local Rule CV-16(f), a party is required to serve and file the following information at least 14 days before the final pretrial conference:

(1) A list of questions the party desires the court to ask prospective jurors.

(2) In cases to be tried to a jury, a statement of the party's claims or defenses to be used by the court in conducting voir dire. The statement shall be no longer than ½ page with type double-spaced.

(3) A list of stipulated facts.

(4) An appropriate identification of each exhibit as specified in this rule (except those to be used for impeachment only), separately identifying those that the party expects to offer and those that the party may offer if the need arises.

(5) The name and, if not previously provided, the address and telephone number of each witness (except those to be used for impeachment only), separately identifying those whom the party expects to present and those whom the party may call if the need arises.

(6) The name of those witnesses whose testimony is expected to be presented by means of a deposition and designation by reference to page and line of the testimony to be offered (except those to be used for impeachment only) and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

(7) Proposed jury instructions and verdict forms.

(8) In nonjury trials, Proposed Findings of Fact and Conclusions of Law.

(9) Any motions in limine.

(10) An estimate of the probable length of trial.[1]

The Court issued a Scheduling Order on May 15, 2025, setting this case for a Final Pretrial Conference on June 11, 2026.[2] However, the Court later moved the Final Pretrial Conference to June 12, 2026.[3] The deadline to file the documents listed in CV-16(f) was May 29, 2026. The parties had over a year to prepare their pretrial filings and submit them to the Court in a timely manner. Plaintiff failed to do so. The Court therefore **ORDERS** Plaintiff to file its CV-16(f) documents, strictly adhering to the procedures established under the Rule, **no later than midnight, today, June 1, 2026**. This late filing will place stress upon the Court in its preparation to enable the parties the best trial possible, which the Court believes they deserve, and will possibly disadvantage the Defense, but it will be filed in accordance with this Order, without excuse or further delay.

It is so **ORDERED**.

SIGNED this 1st day of June, 2026.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

---

[1] Local Rule CV-16(f).

[2] Doc. 23.

[3] Doc. 25.

2